UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BADIH AHMAD AHMAD, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-447 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Badih Ahmad Ahmad's Petition and Amended Petition for Writ of Habeas Corpus. Having carefully considered the Petition, the Amended Petition, the Respondent's Answers to both petitions, the Petitioner's Memorandum in Opposition to Respondent's Request for Dismissal, and the arguments and authorities submitted by the parties, the Court is of the opinion that Ahmad's Petition and Amended Petition for Writ of Habeas Corpus should be DENIED.

I.   Background

Ahmad was charged by indictment with the first degree felony offense of driving while intoxicated ("DWI") , enhanced by two prior convictions for DWI and two prior convictions for theft. SH-04 at 62.[1] Ahmad pled guilty. Pet. at 3. On October 2, 2012, the trial court entered judgment and sentenced Ahmad to five years imprisonment. SH-04 at 63-64. Ahmad did not appeal his conviction.

On November 9, 2012, Ahmad filed a state application for a writ of habeas corpus. On January 23, 2013, the Texas Court of Criminal Appeals denied relief. *Id.* at 2. On February 12,

---

[1]   "SH" refers to the records of Ahmad's state habeas corpus proceedings.

2013, Ahmad filed his initial federal petition. He filed an amended petition, adding two additional claims for relief, on June 18, 2013.

## II. The Applicable Legal Standards

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999). For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Under the "contrary to" clause, this court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court

either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd,* 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The sole inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28

U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997), *cert. denied*, 522 U.S. 1119 (1998).

III.   Analysis

Ahmad's original petition raises three claims for relief.  His amended petition adds two additional claims   These are addressed in turn.

A.   State Trial Court Jurisdiction

Ahmad first contends that the trial court lacked subject matter jurisdiction to preside over his case.  He bases this argument on a claim that one of his prior misdemeanor DWI conviction is invalid.  He contends that, without this prior DWI conviction, the current charge against him would be a misdemeanor, not a felony, and the District Court would therefore lack jurisdiction.

Ahmad's prior DWI convictions occurred in 1987 and 1988.  SH-04 at 62.  Ahmad may not now collaterally attack those convictions in this federal habeas corpus petition.

> If ... a prior conviction used to enhance a . . . sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a . . . § 2254 petition[] directed at [an] enhanced state sentence[].

*Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 402 (2001).  Because those convictions have not been overturned and are not now subject to collateral attack, Ahmad cannot demonstrate that either of the prior convictions was invalid so as to deprive the district court of jurisdiction.

B.   Enhancement

In his second claim for relief, Ahmad contends that he was not admonished prior to entering his 1987 guilty plea for DWI.  As noted above, Ahmad may not now collaterally attack

his 1987 conviction. He therefore fails to demonstrate grounds for relief based on alleged defects in the 1987 guilty plea.

      C.     *Ex Post Facto* Violation

In his third claim for relief, Ahmad contends that his conviction violates the *ex post facto* clause of the Constitution, *see* U.S. CONST. art. I, § 10, because Texas state judicial decisions hold that prior DWI offenses are elements of his primary DWI offense. "The *ex post facto* prohibition forbids . . . the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri*, 4 Wall. 277, 325026 (1867)); *see also Calder v. Bull*, 3 Dall. 386, 397 (1798). In *Weaver*, the Court noted that "[t]hrough this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." 450 U.S. at 28-29. In order to violate the *ex post facto* prohibition, a law must violate two elements: it must be retrospective, *i.e.*, apply to events occurring before its enactment; and it must disadvantage the offender. *Id.* at 29. In determining whether a statute operates retroactively, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994).

Section 49.09(b)(2) of the Texas Penal Code provides that driving while intoxicated becomes a felony if the defendant has two prior DWI offenses. That statute became effective on September 1, 2011. Ahmad committed the offense that is the subject of this petition on June 2, 2012. *See* SH-04 at 62.

The prior convictions are not, as Ahmad argues, elements of the current offense which are retroactively criminalized. Rather, it is Ahmad's current status as a twice convicted drunk driver that raises his current act to a felony. Both the Supreme Court and the Fifth Circuit have held that such enhancements do not violate the *ex post facto* clause. Rather, such enhancement "is not to be viewed as either a new jeopardy or additional penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732 (1948); *see also United States v. Rasco*, 123 F.3d 222, 227 (5th Cir. 1997), *cert. denied*, 522 U.S. 1083 (1998); *United States v. Saenz-Forero*, 27 F.3d 1016 (5th Cir. 1994); *Perkins v. Cabana*, 794 F.2d 168, 169 (5th Cir.), *cert. denied*, 479 U.S. 936 (1986).

In sum, the DWI statute does not retroactively punish Ahmad's prior offenses; rather, it enhances the possible penalty for his DWI because of his then-current status as a twice convicted drunk driver. This does not violate the constitutional prohibition against *ex post facto* lawmaking

D.  Amended Petition

In his amended petition, Ahmad asserts that his conviction was based on an unlawful search and seizure, and that his counsel was ineffective for failing to investigate the law on the search and seizure of his blood, thus leading to an involuntary guilty plea. Ahmad raised these claims in a successive state habeas corpus application. The Texas Court of Criminal Appeals dismissed the application as successive.

1.  Procedural Default

Respondent argues that because the application was dismissed, the claims are procedurally defaulted. The procedural default doctrine may bar federal review of a claim. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to

fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). The Supreme Court has noted that

> [i]n all cases in which a state prisoner had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750-51), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (finding the cause and prejudice standard to be "grounded in concerns of comity and federalism").

A procedural default bars federal habeas review unless the petitioner shows cause for the default, and actual prejudice flowing from the alleged constitutional violation, or a miscarriage of justice. *Sykes*, 433 U.S. at 87, 80. "Cause" for a procedural default requires a showing that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule, or a showing of a prior determination of ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Amadeo v. Zant*, 486 U.S. 214, 222 (1988). A "miscarriage of justice" means actual innocence. *Sawyer v. Whitley*, 505 U.S. 333, 335 (1992).

Ahmad contends that he is actually innocent, but provides no grounds for that assertion. The record shows that he was arrested for DWI, his blood alcohol level was above the legal limit, and he pled guilty. His bald assertion of actual innocence is unsupported by any evidence.

He thus cannot avoid the procedural bar to these claims. Procedural default notwithstanding, however, Ahmad's claims are also without merit.

2. Fourth Amendment

Respondent points out that Ahmad had an opportunity to file a motion to suppress the blood evidence before he pled guilty. He did not do so.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Ahmad had an opportunity to contest the lawfulness of the search and seizure but failed to avail himself of that opportunity. His search and seizure claim is not cognizable on federal habeas corpus review.

3. Ineffective Assistance of Counsel

In his final claim for relief, Ahmad contends that he received ineffective assistance of counsel because his trial counsel failed to investigate the law of search and seizure. To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing

professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

Ahmad appears to base his argument that the search was unconstitutional on a 2013 Supreme Court decision. In *Missouri v. McNeely*, 133 S.Ct. 1552 (2013), the Court held that the need for a warrant to obtain blood in connection with a drunk driving arrest must be determined on a case by case basis. The fact that alcohol is metabolized does not create *per se* exigent circumstances.

*McNeely* was decided after Ahmad's conviction. Counsel cannot be deemed ineffective for failing to anticipate a case decided seven months after Ahmad's conviction. "[T]here is no general duty on the part of defense counsel to anticipate changes in the law. . .." *United States v. Fields,* 565 F.3d 290, 294 (5th Cir., 2009).

IV.  Conclusion

For the foregoing reasons, Ahmad fails to raise a viable claim for habeas relief. His petition and amended petition must be dismissed with prejudice for the reasons stated in this opinion.

V.  Certificate of Appealability

Ahmad has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has

denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered Ahmad's claims.  The Court finds that the claims are foreclosed by clear, binding precedent.  This Court concludes that under such precedents, Ahmad has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Ahmad is not entitled to a certificate of appealability on his claims.

VI.     Order

For the foregoing reasons, it is ORDERED as follows:

A. Petitioner Badih Ahmad Ahmad's Petition for Writ of Habeas Corpus (Doc. # 1) and Amended Petition for Writ of Habeas Corpus (Doc. # 28) are in all respects DENIED; and

B. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 21st day of February, 2014.

_____
Kenneth M. Hoyt
United States District Judge